19-1557-cv
*Pierce v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty.

PRESENT:    AMALYA L. KEARSE,
            DENNIS JACOBS,
            JOSÉ A. CABRANES,
                        *Circuit Judges*,

LERIN PIERCE,

             *Plaintiff-Appellant,*                          19-1557-cv

                    v.

CITY OF NEW YORK, SONIA BELARDO, IVAN
MERCADO,

             *Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT:         GREGORY ANTOLLINO, Antollino PLLC,
                                 New York, NY.

                                 Daniela Nanau, Law Office of Daniela
                                 Naunau, P.C., Glendale, NY.

FOR DEFENDANTS-APPELLEES:        INGRID R. GUSTAFSON, Assistant
                                 Corporation Counsel (Richard Dearing
                                 and Deborah A. Brenner, *on the brief) for*

James E. Johnson, Corporation Counsel
of the City of New York, New York, NY.

Appeal from a May 16, 2019 judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Lerin Pierce ("Pierce") filed suit against Defendants-Appellees (jointly, "Appellees") under 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments by New York City police officers for the use of excessive force and failure to intervene. Pierce now appeals from a May 16, 2019 judgment of the District Court entering a jury verdict in favor of Defendant-Appellee Officer Sonia Belardo ("Belardo") following a new trial ordered under Federal Rule of Civil Procedure 59(a), and a grant of judgment as a matter of law under Federal Rule of Civil Procedure 50(b) in favor of Defendant-Appellee Sergeant Ivan Mercado ("Mercardo"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Pierce argues that the District Court (Brian M. Cogan, *Judge*) abused its discretion in setting aside the original jury verdict decided in favor of Pierce and ordering a new trial, and that after the case was transferred to Judge Dearie for the second trial, the District Court issued an improper jury instruction as to the standard of proof regarding the use of excessive force. Pierce also challenges Judge Cogan's grant of judgment as a matter of law with respect to Pierce's failure-to-intervene claim against Mercado. We address each argument in turn.

## I.    New Trial

We review a district court's decision to grant a Rule 59(a) motion for abuse of discretion. *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (describing this standard as "deferential"). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Rule 59(a) provides that a district court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a), including if the verdict goes against the weight of the evidence.. "[A] decision is against the weight of the evidence ... if and only if the verdict is seriously erroneous or a miscarriage of justice." *Raedle v.*

*Credit Agricole Indosuez*, 670 F.3d 411, 417-18 (2d Cir. 2012) (internal alterations and quotation marks omitted).

Based on the record before us, the District Court did not abuse its discretion in ordering a new trial. Judge Cogan's thorough and careful opinion considered all of the evidence and does not fall outside the range of permissible decisions. For example, he aptly remarked that it was "absurd for the jury to credit [a single witness's] testimony that the police car was going 40-45 mph at the time of impact – plaintiff would be dead, or at least thrown many feet from the vehicle and grievously injured if he were hit at such a speed." *Pierce v. City of New York*, 293 F. Supp. 3d 306, 315 (E.D.N.Y. 2017). The hospital report detailing Pierce's injuries as minor cuts and bruises belies Pierce's own "patently incredible" testimony that the car "sped up" to hit him, that his "head was bashed into the road," that he was "punched in [the] face" and "hit in [the] head" many times, and that he blacked out "repeatedly" and "saw white light," none of which he reported to the hospital. *Id.* Indeed, Pierce expressly told the hospital that he did not hit his head, nor lose consciousness. In sum, we agree with the District Court that "[t]he clear weight of the evidence is that Officer Belardo attempted to brake when she saw plaintiff in the street and did not intend to hit him at all." *Id.* at 315-16. A new trial was therefore warranted to correct a "seriously erroneous result." *Id.* at 317.

Pierce argues that the District Court erred by relying on a misguided concern that his lawyer's performance at trial "confused the issues for the jury." *Id.* at 316. Among other criticisms, the District Court faulted Pierce's lawyer for shifting to a recklessness theory during closing arguments after beginning the trial by arguing that Pierce was intentionally struck. We find no fault with how Pierce's lawyer marshaled his arguments based on the jury charge that was given, which allowed for liability based on either an intentional or reckless collision. Nevertheless, reversal is unwarranted because the District Court primarily relied on its (correct) finding that the jury's verdict was against the weight of the evidence.

## II.    Jury Instruction

We review a claim of error in jury instructions *de novo*, and will reverse only if the appellant shows that the error was prejudicial in light of the charge as a whole. *See Japan Airlines Co. v. Port Authority of New York and New Jersey*, 178 F.3d 103, 110 (2d Cir. 1999); *see also Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 91 (2d Cir. 2002) ("A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.") (internal quotation marks omitted).

Here, the District Court properly instructed the jury that to find Belardo liable for excessive force, it must find that she intended to use her vehicle to stop Pierce from fleeing. We are not persuaded that Pierce was entitled to a jury instruction that Belardo could be liable if the jury found that she merely acted recklessly. *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 n.1 (2d Cir. 1988) (remarking that "[a] required element of the tort [of excessive force] is an intention to use force."). Moreover,

contrary to Pierce's assertions on appeal, the District Court specifically instructed the jury that, for the purposes of liability, it need *not* find that Belardo intended to violate Pierce's constitutional rights, nor that she specifically intended the harm that was ultimately caused. *See* App'x 889. Accordingly, we cannot conclude that the jury instructions at issue here either misled the jury as to the correct legal standard, or did not adequately inform the jury as to the law.

### III.    Judgment as a Matter of Law

We review a district court's decision for judgment as a matter of law *de novo*, considering the evidence in the light most favorable to the non-moving party. *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007). A district court may grant a motion for judgment as a matter of law for a party pursuant to Rule 50 if the court finds that "a reasonable jury would not have a legally sufficient evidentiary basis" to find for the non-moving party on that issue. Fed. R. Civ. P. 50(a).

We agree with Appellees that the District Court correctly concluded that Mercado was entitled to judgment as a matter of law with respect to Pierce's failure-to-intervene claim. "A police officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016); *see also Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (noting that for a plaintiff to prevail on a claim for failure to intervene, the plaintiff must demonstrate that "(1) the officer had a *realistic opportunity* to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." (emphasis added)).

The record before us, however, does not demonstrate that Mercado knew or anticipated that Belardo's vehicle would strike Pierce, much less had any opportunity—regardless of his position as Belardo's superior officer—to intercede to prevent the collision during the course of events here, all of which unfolded over a matter of seconds. As the District Court remarked, "[t]here is simply no legally sufficient evidentiary basis to find that Sergeant Mercado failed to intervene." *Pierce*, 293 F. Supp. 3d at 313. In properly drawing all reasonable inferences in Pierce's favor, we cannot conclude that a reasonable jury could find in his favor with respect to his failure-to-intervene claim against Mercado.

4

**CONCLUSION**

We have reviewed all of the arguments raised by Pierce on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 16, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk